# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **SARAH ADULT DAY SERVICES, INC.**<br>4565 Dressler Road<br>Suite 213<br>Canton, OH 44718<br><br>    Plaintiff,<br><br>    vs.<br><br>**BOSTON ADULT DAYCARE CORP.**<br>1225 Dorchester Ave.<br>Dorchester, MA 02125<br><br>AND<br><br>**WORCESTER ADULT DAYCARE, LLC**<br>1217 Grafton St.<br>Worcester, MA 01604<br><br>AND<br><br>**ALLA SHLOSMAN**<br>332 Hunnewell St.<br>Needham Heights, MA 02494<br><br>AND<br><br>**JANET GORONSHTEIN**<br>308 Avenue P<br>Brooklyn, NY 11204<br><br>    Defendants. | **CASE NO.  5:19-cv-672**<br><br>**JUDGE**<br><br>**COMPLAINT**<br><br>*[JURY DEMAND ENDORSED HEREON]* |

02264643-1 / 30831.00-0002

## PLAINTIFF'S COMPLAINT

Plaintiff, Sarah Adult Day Services, Inc., ("SARAH"), files this Complaint against the Defendants, Boston Adult Daycare Corp. ("BOSTON"), Worcester Adult Daycare, LLC ("WORCESTER"), Alla Shlosman ("SHLOSMAN"), and Janet Goronshtein ("GORONSHTEIN"), (hereinafter collectively referred to as the "Defendants"), for Defendants' breach of franchise agreements awarded by SARAH to Defendants. In support of its claims, SARAH states the following:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff SARAH is an Ohio corporation with its principal place of business located at 4565 Dressler Road, Suite 213, Canton, OH 44718.

2. SARAH, as the result of the expenditure of time, skill, effort and money, has developed and owns a unique management and business system for older adults, ages 60 and above, and adults, ages 18 to 60, in need of health-related care and supervision (the "SARAH Businesses").

3. SARAH uses, promotes, and licenses certain trademarks, service marks, and other commercial symbols in operating SARAH Businesses, which have gained and will continue to gain public acceptance and goodwill (collectively, the "Marks").

4. SARAH grants franchises to own and operate a SARAH Business that offers the products and services SARAH authorizes while using SARAH's business formats, methods, procedures, signs, designs, layouts, standards, specification and Marks.

5. Defendant BOSTON is, upon information and belief, a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business located at 1225 Dorchester Ave., Dorchester, MA 02125.

6. Defendant WORCESTER is, upon information and belief, a limited liability company organized and existing under the laws of the State of Massachusetts with its principal place of business located at 1217 Grafton St., Worcester, MA 01604.

7. Defendant SHLOSMAN is, upon information and belief, an individual and citizen of the State of Massachusetts, whose residence is 332 Hunnewell St., Needham Heights, MA 02494.

8. Defendant GORONSHTEIN is, upon information and belief, an individual and citizen of the State of New York, whose residence is 308 Avenue P, Brooklyn, NY 11204.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the citizenship of the parties is diverse and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

10. This Court has personal jurisdiction over Defendants, because Defendants irrevocably submitted themselves to the jurisdiction of this Court in Section 18.H of the Franchise Agreements.

11. Venue is proper, because the Franchise Agreement states that venue is proper in this forum. Additionally, venue is proper under 28 U.S.C. § 1391(b). Royalty payments under the Agreements were due in this District and a substantial part of the events giving rise to these claims occurred in this District. Further, Defendants BOSTON and WORCESTER are deemed to reside in this District under 28 U.S.C. § 1391(c) because they are entities that are subject to the personal jurisdiction of this Court and agreed to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

### A. The Franchise Agreement

*The Franchise Agreement- BOSTON*

12. On or about June 7, 2006, SARAH entered into a Franchise Agreement with SHLOSMAN for SHLOSMAN to operate, as a franchisee, a SARAH Business located at 1225 Dorchester Ave., Dorchester MA 02125 (the "Dorchester Franchise"). A true and accurate copy of said Franchise Agreement is attached hereto as Exhibit A.

13. On or about May 20, 2016, SARAH entered into a renewal of the Dorchester Franchise with SHLOSMAN, GORONSHTEIN, and BOSTON. A true and accurate copy of said renewal is attached hereto as Exhibit B.

*The Franchise Agreement- Worcester*

14. On or about May 19, 2006, SARAH and SHLOSMAN entered into the Franchise Agreement for SHLOSMAN to operate, as a franchisee, a SARAH Business located at 1217 Grafton St., Worcester MA 01604 (the "Worcester Franchise"). A true and accurate copy of said Franchise Agreement is attached hereto as Exhibit C.

15. On or about December 9, 2008, SARAH entered into an Addendum with SHLOSMAN and GORONSHTEIN in which both SHLOSMAN and GORONSHTEIN became the franchisees of the Worcester Franchise. A true and accurate copy of said Addendum is included as part of the Franchise Agreement (see Exhibit C).

16. SHLOSMAN and GORONSHTEIN assigned partial interest in the Worcester Franchise to Worcester Adult Daycare, LLC.

17. While the term of the Worcester Franchise Agreement was to end after ten (10) years, the parties to said agreement agreed to continue to operate under the renewal terms, conditions and obligations of the Franchise Agreement.

## B. Breach of the Franchise Agreement

18. The Dorchester Franchise Agreement and the Worcester Franchise Agreement are collectively referred to as the Franchise Agreements.

19. Under the terms of the Franchise Agreements, the Defendants agreed to do certain things, including but not limited to:

a) Paying to SARAH a monthly royalty fee of the greater of (i) Two Hundred Dollars ($200) or five percent (5%) of Defendant's monthly gross sales on or before the tenth (10th) of each month;

b) Accurately providing to SARAH royalty reports itemizing gross sales on or before the tenth (10th) day following the previous reporting period;

c) Accurately identifying and describing all of the owners and their interests in the franchisee and to update such identifications and descriptions to reflect any changes throughout the Franchise Agreements; and

d) Obtaining written approval from SARAH prior to any assignment, sale, subdivision, subfranchising, or other transfer of any interest in the franchise.

20. Defendants have failed to pay when due all monies owed to SARAH under the respective Franchise Agreements.

21. Defendants have failed to provide timely and accurate royalty reports as required under the Franchise Agreements.

22. Upon information and belief, Defendants have assigned, sold, or otherwise transferred some ownership interest in the franchisees without obtaining written approval from SARAH.

23. Upon information and belief, Defendants have failed to accurately identify and describe all those who possess ownership interests in the franchisees.

24. On or about December 14, 2018, SARAH sent to BOSTON, SHLOSMAN, and GORONSHTEIN a Notice of Default and Demand for Payment relating to Defendants' failure to pay royalties and report royalties under the Dorchester Franchise Agreement. A true and accurate copy of said Notice is attached hereto as Exhibit D.

25. On or about December 14, 2018, SARAH sent to SHLOSMAN, GORONSHTEIN, and WORCESTER a Notice of Default and Demand for Payment relating to Defendants' failure to pay royalties and report royalties under the Worcester Franchise Agreement. A true and accurate copy of said Notice is attached hereto as Exhibit E.

26. Despite receiving such Notices, Defendants failed to timely cure their defaults.

27. The amounts owing to SARAH under the Dorchester Franchise Agreement are in excess of $75,000.00.

28. The amounts owing to SARAH under the Worcester Franchise Agreement are in excess of $75,000.00.

## COUNT ONE
*(Breach of Contract – Dorchester Franchise Agreement)*

29. SARAH hereby incorporates each and every paragraph of this Complaint as if fully rewritten herein.

30. SARAH has taken every act required on its part to comply with the Dorchester Franchise Agreement.

31. SHLOSMAN, GORONSHTEIN, and BOSTON are in material default of the Franchise Agreement as a result of the nonpayment of the royalty fees.

32. SHLOSMAN, GORONSHTEIN, and BOSTON are in material default of the Franchise Agreement as a result of its failure to timely and accurately submit royalty reports.

33. SHLOSMAN, GORONSHTEIN, and BOSTON are in material default of the Franchise Agreement as a result of its failure to timely and accurately identify and describe ownership interests in the franchisee.

34. SHLOSMAN, GORONSHTEIN, and BOSTON are in material default of the Franchise Agreement as a result of its failure to obtain written approval of SARAH prior to the sale, assignment, or transfer of interests in the franchisee.

35. As a direct and proximate result of the material breaches of the Franchise Agreement by SHLOSMAN, GORONSHTEIN, and BOSTON, SARAH has incurred and is likely to incur substantial losses, fees, and expenses.

36. As a proximate result of the material breaches of SHLOSMAN, GORONSHTEIN, and BOSTON, SARAH has been damaged in an amount exceeding $75,000.00. Because SHLOSMAN, GORONSHTEIN, and BOSTON have failed to report and/or under-reported gross sales, SARAH does not know the exact amount of its damages and, accordingly, seeks its damages according to proof.

37. SARAH is also entitled to attorneys' fees and costs under Section 18.F of the Franchise Agreement, as well as interest at the lesser of 18% per annum or the maximum allowed by applicable law.

38. SHLOSMAN, GORONSHTEIN, and BOSTON are jointly and severally liable for SARAH's damages, attorneys' fees, cost and interest.

## COUNT TWO
### *(Breach of Contract – Worcester Franchise Agreement)*

39. SARAH hereby incorporates each and every paragraph of this Complaint as if fully rewritten herein.

40. SARAH has taken every act required on its part to comply with the Worcester Franchise Agreement.

41. SHLOSMAN, GORONSHTEIN, and WORCESTER are in material default of the Franchise Agreement as a result of the nonpayment of the royalty fees.

42. SHLOSMAN, GORONSHTEIN, and WORCESTER are in material default of the Franchise Agreement as a result of its failure to timely and accurately submit royalty reports.

43. SHLOSMAN, GORONSHTEIN, and WORCESTER are in material default of the Franchise Agreement as a result of its failure to timely and accurately identify and describe ownership interests in the franchisee.

44. SHLOSMAN, GORONSHTEIN, and WORCESTER are in material default of the Franchise Agreement as a result of its failure to obtain written approval of SARAH prior to the sale, assignment, or transfer of interests in the franchisee.

45. As a direct and proximate result of the material breaches of the Franchise Agreement by SHLOSMAN, GORONSHTEIN, and WORCESTER, SARAH has incurred and is likely to incur substantial losses, fees, and expenses.

46. As a proximate result of the material breaches of SHLOSMAN, GORONSHTEIN, and WORCESTER, SARAH has been damaged in an amount exceeding

$75,000.00. Because SHLOSMAN, GORONSHTEIN, and WORCESTER have failed to report and/or under-reported gross sales, SARAH does not know the exact amount of its damages and, accordingly, seeks its damages according to proof.

47. SARAH is also entitled to attorneys' fees and costs under Section 18.F of the Franchise Agreement, as well as interest at the lesser of 18% per annum or the maximum allowed by applicable law.

48. SHLOSMAN, GORONSHTEIN, and WORCESTER are jointly and severally liable for SARAH's damages, attorneys' fees, cost and interest.

## COUNT THREE
*(Action for Accounting)*

49. SARAH hereby incorporates each and every paragraph of this Complaint as if fully rewritten herein.

50. Pursuant to Sections 12 and 13 of the Franchise Agreements, Defendants agreed to furnish SARAH copies of reports designated by SARAH and other information and supporting records as SARAH prescribes, including but not limited to financial statements, reports and other financial and ownership information.  Further, Defendants agreed to maintain readily available for SARAH's inspection tax returns, monthly/annual financial reports to funding or accreditation services, forms, reports, records, financial statements and other information as SARAH requires.

51. Further, pursuant to Section 13 of the Franchise Agreements, SARAH has the right inspect, examine or audit the franchisees' business records, cash control devices, bookkeeping and accounting records, bank statements, sales and income tax records and returns and other books and records of the franchisee and the books and records of any corporation or partnership which holds the franchised business.

52. The calculation of the monetary amounts sought by SARAH in this action is based on gross sales information of the franchised businesses.

53. The amount and accuracy of the Defendants' gross sales information for the franchised businesses cannot be confirmed without an accounting of the financial records for each of the franchised businesses. SARAH is entitled to specific performance of an accounting under the Franchise Agreements.

### COUNT FOUR
*(Unjust Enrichment)*

54. SARAH hereby incorporates each and every paragraph of this Complaint as if fully rewritten herein.

55. As described above, SARAH has conferred a benefit upon Defendants.

56. Defendants have had knowledge of the benefit conferred at all times.

57. It would be unjust for Defendants to have retained and enjoyed such benefits without payment for same under the circumstances.

58. Defendants have been unjustly enriched in excess of $75,000.00.

**WHEREFORE**, Plaintiff, Sarah Adult Day Services, Inc. demands:

A. as to Count One, judgment in favor of Plaintiff against SHLOSMAN, GORONSHTEIN, and BOSTON jointly and severally, for actual damages incurred as a result of Defendant's breach of the Franchise Agreement, interest, attorneys' fees and costs; and

B. as to Count Two, judgment in favor of Plaintiff against SHLOSMAN, GORONSHTEIN, and WORCESTER jointly and severally, for actual damages incurred as a result of Defendant's breach of the Franchise Agreement, interest, attorneys' fees and costs; and

C. as to Count Three, judgment in favor of Plaintiff ordering Defendants to account for any and all gross sales; and

    D.  as to Count Four, judgment in favor of Plaintiff and against BOSTON, WORCESTER, SHLOSMAN and GORONSHTEIN, jointly and severally, in excess of $75,000.00; and

    E.  Award Plaintiff such other relief as this Court may deem just and proper.

    Respectfully submitted,


    *s/ Matthew P. Mullen*
Matthew P. Mullen (0063317)
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
405 Chauncey Ave. NW
New Philadelphia, OH 44663
Phone: (330) 364-3472/Fax: (330) 602-3187
mmullen@kwgd.com

And

Owen J. Rarric (0075367)
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
4775 Munson Street, N.W./P.O. Box 36963
Canton, Ohio 44735-6963
Phone: (330) 497-0700/Fax: (330) 497-4020
orarric@kwgd.com

ATTORNEYS FOR PLAINTIFF


## **JURY DEMAND**

Plaintiff hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, that a jury be impaneled to try all issues contained herein.


    *s/ Matthew P. Mullen*
Matthew P. Mullen (0063317)
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
ATTORNEYS FOR PLAINTIFF